UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLAS RYAN SHAW AND ANNA EBERT, both individually and on behalf of their minor child, P.S. | CIVIL ACTION<br><br>NO. 21-2226 |
| VERSUS | SECTION M (1) |
| WAL-MART LOUISIANA, LLC and WALMART, INC. | |

## ORDER & REASONS

Before the Court is a motion by plaintiffs Nicolas Ryan Shaw and Anna Ebert, individually and on behalf of their minor child, P.S. (collectively, "Plaintiffs"), to remand pursuant to 28 U.S.C. § 1446(b)(2)(B).[1] Defendants Wal-Mart Louisiana, LLC and Walmart, Inc. (together, "Walmart") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, Plaintiffs' motion to remand is denied because Walmart's notice of removal was timely in that it was filed within 30 days of Walmart's receipt of a discovery response stating in unequivocally clear and certain terms that the amount in controversy meets the threshold for diversity subject-matter jurisdiction.

## I.   BACKGROUND

This case arises from an alleged slip-and-fall incident that occurred at the Walmart store located in Harahan, Louisiana.[3] Shaw alleges that on May 3, 2021, he slipped and fell due to a

---

[1] R. Doc. 9.
[2] R. Doc. 12.
[3] R. Doc. 1-2 at 1.

wet floor near the self-checkout kiosk.[4]  On July 15, 2021, Plaintiffs filed this action in Louisiana state court.[5]  Walmart was served with the petition on July 27, 2021.[6]

Shaw alleges in the petition that that he "sustained a hard fall with a direct impact to his left knee and hands causing severe injuries to his lower back, knee, left hip area, and all other injuries as described and diagnosed by medical professionals ...."[7]  The petition recites that Shaw's damages include at least the following:

1.  Past, present and future pain and suffering;

2.  Past, present and future physical injuries and disability;

3.  Past, present and future mental and emotional stress;

4.  Past, present, and future medical expenses;

5.  Loss of income and/or loss of earning capacity;

6.  Loss of enjoyment of life and/or loss of consortium;

7.  Other damages to be proven at the trial of this matter.[8]

Further, Shaw alleges that he "sustained severe and painful bodily injuries which have rendered [him] partially disabled and which ha[ve] required extensive medical treatment and will continue to require medical treatment in the future."[9]  Lastly, Ebert, individually and on behalf of her minor child, brings a claim for loss of consortium.[10]

On October 6, 2021, Walmart filed its answer[11] and served discovery requests on Plaintiffs.[12]  In its lone request for admission, Walmart asked Plaintiffs: "Do you admit that your

---

[4] *Id.* at 1-2.
[5] *Id.* at 1.
[6] *Id.*; R. Doc. 1 at 2.
[7] R. Doc. 1-2 at 2.
[8] *Id.* at 4.
[9] *Id.* at 5.
[10] *Id.*
[11] Walmart received a 30-day extension to file responsive pleadings.  *See* R. Doc. 9-3 at 4.
[12] R. Docs. 1 at 3; 1-4.

damages do not exceed the sum of $75,000.00 exclusive of interest and costs?"[13]  Plaintiffs answered Walmart's written discovery on November 5, 2021.[14]  In response to Walmart's request for admission, Plaintiffs admitted that their damages exceed the sum of $75,000.[15]  Subsequently, on December 3, 2021, Walmart filed its notice of removal.[16]  Plaintiffs filed the instant motion to remand shortly thereafter.[17]

## II.  PENDING MOTION

Plaintiffs argue that Walmart's removal of the case was untimely because Walmart "had notice on the face of the petition that the amount in controversy exceeded the jurisdictional requirements for removal."[18]  Thus, Plaintiffs contend that it is facially apparent from the petition that the case was removable and that Walmart failed to file a notice of removal within 30 days of being served with the petition.[19]

In opposition, Walmart argues that removal was timely because the petition did not clearly indicate that the amount-in-controversy requirement was met.[20]  Therefore, Walmart argues that the 30-day clock was not triggered until it received Plaintiffs' response to its request for admission indicating that they valued their damages in excess of $75,000.[21]

## III.  LAW & ANALYSIS

### A.  Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original

---

[13] R. Doc. 1-5 at 21.
[14] R. Docs. 1 at 3; 1-5.
[15] R. Doc. 1-5 at 21.
[16] R. Doc. 1.
[17] R. Doc. 9.
[18] *Id.* at 1.
[19] R. Doc. 9-3.
[20] R. Doc. 12 at 1.
[21] *Id.* at 1-2.

jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have subject-matter jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." *Id.* § 1332(a)(1). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

Because plaintiffs in Louisiana state court may not plead a specific amount of damages, the Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In these cases, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth facts, preferably in the removal petition or sometimes by affidavit, that support a finding of the requisite amount. *Id.*

**B. Timeliness of Removal**

The time limits for removal are set forth in 28 U.S.C. § 1446(b). Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* § 1446(b)(1). For an initial pleading, the 30-day removal clock begins to run "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional

4

amount of the federal court." *Bosky v. Kroger Tex.,* LP, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)).  "When state laws prohibit plaintiffs from pleading unliquidated damage amounts, as is the case in Louisiana, the Fifth Circuit has held that a plaintiff should place 'in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount' if she wishes the thirty-day time period to run from the defendant's receipt of the initial pleading." *Trahan v. Hayes*, 2019 WL 6487410, at *2 (E.D. La. Dec. 3, 2019) (quoting *Chapman*, 969 F.2d at 163, and *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)).

But if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  U.S.C. 28 § 1446(b)(3).  "The information supporting removal in a copy of an amended pleading, motion, order or other paper under § 1446(b)(3) must be *unequivocally clear and certain* to start the time limit running." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608-09 (5th Cir. 2018) (quotation, footnote, and alteration omitted; emphasis added); *see Bosky*, 288 F.3d at 211.[22]  "Other paper" may include a discovery response when the response notifies the defendant of the action's removability.  *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011).

---

[22] *See also Pesch v. Progressive Nw. Ins. Co.*, 2021 WL 1200889, at *8, 10 (M.D. La. Feb. 23, 2021) ("[T]he standard to trigger the time period for removal of the initial pleading is that the pleading affirmatively reveals on its face that the amount in controversy is met.  The Fifth Circuit has stated that this standard is met by an allegation in the petition that damages exceed the federal jurisdictional amount.  The standard as to 'other paper' removal is essentially the same.") (footnotes omitted), *adopted*, 2021 WL 1187078 (M.D. La. Mar. 29, 2021); *Scott v. Off. Depot, Inc.*, 2015 WL 2137458, at *4 n.2 (M.D. La. May 7, 2015) ("While the *Mumfrey* court does not use the 'unequivocally clear and certain' language found in *Bosky*, its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper.").

Here, in their initial state-court petition, Plaintiffs allege several injuries and list the damages they seek, but they do not specifically allege that the damages are in excess of the federal jurisdictional threshold.[23] These allegations are insufficient to have triggered the 30-day removal period. In *Mumfrey v. CVS Pharmacy, Inc.*, the Fifth Circuit rejected a plaintiff's argument that his initial pleadings made the case removable "because his list of damages was so extensive it was clear his claims satisfied the jurisdictional amount." 719 F.3d at 399. In addition to claims for mental anguish and attorney's fees, the plaintiff had pleaded a claim for lost wages, and because the defendant was his employer, he argued that the defendant knew his salary and thus also knew his claims' worth. *See id.* In rejecting this argument, the Fifth Circuit reiterated the "bright line rule" that if a plaintiff wishes the 30-day period to begin with the defendant's receipt of the initial pleading, he must "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* Likewise, in *Blake v. Wal-Mart Stores, Inc.*, the district court concluded that unspecified personal injuries alleged in an initial pleading did not trigger removal absent a specific allegation that the claimed damages exceeded the jurisdictional threshold for diversity. 358 F. Supp. 3d 576, 579 (W.D. La. 2018). It is clear under the applicable jurisprudence that Plaintiffs' initial pleading did not start the removal clock.

Rather, the time limit for removal began running on November 5, 2021, when Walmart received Plaintiffs' response to its request for admission in which they unequivocally acknowledged that their claimed damages exceed $75,000. *See Jordan v. Barnhill's Buffet, Inc.*, 2011 WL 2078012, at *2 (S.D. Miss. May 20, 2011) (holding that the case became removable when the defendant received the plaintiff's response to a request for admission, unequivocally

---

[23] R. Doc. 1-2 at 1-5.

6

denying that the plaintiff was not seeking damages in excess of $75,000). Therefore, Walmart's removal on December 3, 2021, was timely.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 9) is DENIED.

New Orleans, Louisiana, this 13th day of January, 2022.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE